Lydia F. X. WEBER, et al., Plaintiffs,

v.

Stansfield TURNER, Defendant.

Civ. A. No. 80–0412.

United States District Court,
District of Columbia.

May 20, 1981.

Jay N. Varon, Catherine B. Klarfeld, Carol S. Lottman, Washington, D. C., for plaintiffs.

Rebecca L. Ross, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

Lydia F.X. Weber has brought this suit under Title VII, 42 U.S.C. § 2000e et seq., against the Director of the Central Intelligence Agency (CIA), alleging that the agency discriminated against her on the basis of sex in her employment at the CIA's National Foreign Assessment Center (NFAC). Before the Court is plaintiff's motion, pursuant to Federal Rule of Civil Procedure 23, to certify this case as a class action with a class of plaintiffs comprised of "all women who are or who were as of May 31, 1978 (1) NFAC professional or technical employees, or (2) applicants for professional or technical NFAC positions."

The government has opposed class certification on the grounds that Ms. Weber's employment history is so unusual that she could not adequately represent the other members of the class. At the least, the government argues, Ms. Weber cannot represent technical employees or unsuccessful applicants because she has never been a member of either group. After considering the plaintiff's motion and the defendants' opposition, and with the benefit of oral argument of counsel, the Court denies the motion to certify this case as a class action.

Plaintiff has been a CIA employee for twenty-five of the last thirty years. Her employment history as set out in her complaint, is confirmed by the affidavit of Richard Hineman, the Deputy Director of NFAC.[1] Plaintiff was first hired by the CIA as a clerk-stenographer in the Operations Directorate, not NFAC. In 1952, she resigned to attend school but was rehired by the agency at the end of that year. She took leave in 1955 to continue her education and later the same year resigned in order to complete college. In 1956 plaintiff graduated magna cum laude from Georgetown University's School of Foreign Service, and from 1958 to 1959 was a Fulbright Scholar. In 1960 she reentered the Directorate of Operations at a clerical position and for the next four years she served as a secretary-stenographer, apparently in overseas offices of the Directorate. In 1964, Ms. Weber entered the Junior Officer Training Program (JOT). After completing the program, she took her first professional position with the CIA's Intelligence Directorate, the forerunner of NFAC, in the Office of Current Analysis. Two years later plaintiff was assigned to a position where she wrote sections of the National Intelligence Survey, a position she characterizes as having less status and potential for advancement. Following a brief reassignment to the Current Analysis Section, in 1973, plaintiff was assigned to the Production Section within NFAC as a proofreader. Plaintiff apparently acted as a supervisor for part of the time she was employed in the Production Section, but there is some disagreement whether plaintiff retained her professional employee status after she was transferred, or whether she became a clerical worker.[2] It is undisputed, however, that in

---

1. Filed June 2, 1980.

2. The second Hineman affidavit states that after 1972 plaintiff was performing clerical tasks,

September 1980 plaintiff was transferred to an editorial position and once again has professional status.[3]

■ As this review of plaintiff's employment history indicates, she has never been a technical employee at NFAC. Nor has she been, within at least the past twenty years, an "outside" applicant for a position with NFAC or any other branch of the CIA. Since she has never been a member of either class, she is not a proper class representative of technical employees or unsuccessful applicants. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977).

■ Plaintiff's ability to represent women professional employees at NFAC is also questionable. First, the parties dispute whether she can be considered a professional employee. Even if she should be so classified, defendant argues that her recent positions differ greatly from that of intelligence analyst—the position in which female professionals would more typically be found. Moreover, as the affidavits offered by defendant and the complaint itself indicate, plaintiff's employment history appears highly unusual. An individual plaintiff should not be allowed to represent a class where the litigation will concentrate on issues unique to the named plaintiff. *See Koos v. First National Bank of Peoria*, 496 F.2d 1162 (7th Cir. 1974), *Zenith Laboratories, Inc. v. Carter-Wallace, Inc.*, 64 F.R.D. 159, 166 (D.N.J.), *aff'd*, 530 F.2d 508 (3d Cir. 1976). In addition, a determination on the merits in a class suit binds all class members. Since unnamed class members cannot opt out of classes certified under Rule 23(b)(2), the Court should be satisfied that a plaintiff can adequately present the claims that may be raised on behalf of the class.

■ The Court is not satisfied that this plaintiff can. First, even if Ms. Weber's

claim to professional status is accepted, she would be on the very periphery of that class. Although the proffered amended class complaint contains numerous allegations of across-the-board discriminatory practices, many specific factual allegations in the complaint indicate that plaintiff's experiences would not be typical of those claims which might be presented by other class members. For example, several of plaintiff's allegations involve her treatment during her assignment to the proofing section. Plaintiff's experience there would necessarily differ from the experience of women intelligence analysts,[4] who comprise the majority of the women professional employees at NFAC. Plaintiff last served as an analyst six years before filing her administrative complaint. Her familiarity with the practices and problems of this position is therefore somewhat limited. Whatever the merits of plaintiff's individual claims may be, the Court believes they are not sufficiently similar to those which might be brought by the majority of female professional employees at NFAC to permit her to serve as a class representative. Accordingly, it is this 20th day of May, 1981,

ORDERED that plaintiff's motions to designate this case as a class action, and for leave to file an amended class complaint, are denied.

---

even though she might have retained her professional rank.

**3.** Affidavit of Lydia F.X. Weber filed March 8, 1981.

**4.** See Affidavit of Richard E. Hineman filed September 8, 1980, ¶ 14.